IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>DANIEL JAIMES-OLIVEROS, JUSTINO MACEDO; ALFONSO SANCHEZ-ELORZA<br><br>  Defendants. | Case No. 4:CR 10-324-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

In this decision, the Court will raise issues regarding the Speedy Trial Act and the custody clock, although these issues have not been raised by counsel. The Court shares responsibility with counsel to affirmatively protect the rights of society and criminal defendants to a speedy trial. *United States v. Lam*, 251 F.3d 852, 861 n. 11 (9th Cir.2001). In this decision, the Court simply identifies potential issues without resolving them, and directs counsel to file briefing on the issues. The Court will not resolve these issues until counsel have had a full opportunity for briefing.

### ISSUES

**Speedy Trial Act**

For the purpose of presenting the issue in its simplest form, the Court will assume that the Speedy Trial clock started ticking on December 21, 2010, when the three defendants were

**Memorandum Decision & Order - 1**

arraigned on the Indictment.[1] The Speedy Trial Act required trial within 70 days, and that period expired on March 1, 2011.

The Indictment charged the three defendants – Macedo, Sanchez-Elorza, and Jaimes-Oliveros – with conspiracy to distribute methamphetamine and with four other related counts. There were no motions filed between December 21st and March 1st that affected the running of the Speedy Trial clock.[2] The Superseding Indictment was filed on December 14, 2010. It added a single charge – felon-in-possession – against an existing defendant, Jaimes Oliveros.

The defendants were all arraigned on the Superseding Indictment on December 21st and given a new trial date of March 28, 2011. That is 27 days beyond the original Speedy Trial deadline of March 1, 2011. No excludable time findings were made in the minute sheet of that arraignment.

## 30-Day Preparation Period

Was this 27-day period necessary under 18 U.S.C. § 3161(c)(2) because the defendants were entitled to thirty days to prepare for the new charge contained in the Superseding Indictment? The Supreme Court has held that § 3161(c)(2) does not apply to superseding indictments:

---

[1] The Court recognizes that this case began with the filing of a Complaint on November 23, 2010. The defendants had their initial appearance on the Complaint on November 30, 2010, and began their period of detention on that date. The Court expresses no opinion as to whether the 70-day period under the Speedy Trial Act began to run on the date of the defendants' initial appearance on the Complaint on November 30, 2010. This case raises significant Speedy Trial issues assuming that the 70-day period began running on the date of the defendants' arraignment on the Indictment almost a month later. To simplify the issue, the Court will assume, *arguendo*, that the Speedy Trial period began to run on the date defendants were arraigned on the Indictment.

[2] A single motion was filed. It was an *ex parte* defense motion to hire an investigator, and was granted the day after it was filed.

**Memorandum Decision & Order - 2**

> The statute [§ 3161(c)(2)] clearly fixes the beginning point for the trial preparation period as the first appearance through counsel. It does not refer to the date of the indictment, much less to the date of any superseding indictment. Given this unambiguous language, we have no choice but to conclude that Congress did not intend that the 30-day trial preparation period begin to run from the date of filing of a superseding indictment.

*US v Rojas-Contreras*, 474 U.S. 231, 234 (1985). The Supreme Court noted, however, that a judge could grant a continuance under the "ends-of-justice" provisions of the Speedy Trial Act, which "should take care of any case in which the Government seeks a superseding indictment which operates to prejudice a defendant." *Id*. at 236.

**"Ends-Of-Justice" Continuance**

The Court has authority to grant – on its own motion – an "ends of justice" continuance if it finds that holding all parties to the existing trial date would be prejudicial. *See* 18 U.S.C. § 3161(h)(7)(A) (authorizing continuance of trial if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial"). In the present case, however, there is no indication in the minutes of the arraignment hearing that an "ends-of-justice" continuance was ordered. A continuance on this ground requires the court to "set forth, in the record of the case, either orally or in writing, its reasons . . . ." *See* 18 U.S.C. § 3161(h)(7)(A). That was not done.

It is too late to do it now – continuances based on the "ends-of-justice" provision cannot be retroactively granted. *Clymer*, 25 F.3d at 829 (holding that "[t]he [Speedy Trial] Act's carefully-crafted exclusions would be rendered wholly irrelevant if a district court could invoke the "ends of justice" provision retroactively, to validate any delay that occurred prior to trial"). These findings would have to be made at the time the superseding indictment was filed as a justification to continuing the trial date.

**Memorandum Decision & Order - 3**

**Effect of Filing of Superseding Indictment**

Does the filing of a superseding indictment reset the Speedy Trial clock and begin a new 70-day period? The answer is clearly no if the superseding indictment adds no new charges and makes only technical corrections. *See US v. Karsseboom*, 881 F.2d 604 (9th Cir. 1989). But the answer is generally yes if the superseding indictment adds a new defendant. *See US v Chen Chiang Liu*, 631 F.3d 993, 998 (9th Cir. 2011) (holding that so long as the Government did not add the defendant in bad faith, and that any delay caused thereby is reasonable, "[a]ll defendants who are joined for trial generally fall within the speedy trial computation of the latest co-defendant"); *see also* 18 U.S.C. § 3161(h)(6) (finding excludable time for "[a] reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted").

The present case appears to fall between these two cases. The Superseding Indictment did not add a new defendant as in *Liu* (which would have clearly restarted the 70-day period) and did not merely make technical changes as in *Karsseboom* (which would have clearly *not* restarted the 70-day period). Instead, the Superseding Indictment added a new charge against one of the existing defendants.

A case that falls between *Liu* and *Karsseboom* is *US v Clymer*, 25 F.3d 824 (9th Cir. 1994). There, the defendant Clymer was originally charged on February 3, 1989, with a single count of conspiracy to deal meth along with 4 co-defendants. *Id*. at 826. Later, on April 28, 1989, a superseding indictment was filed containing the original conspiracy count and five new counts against the existing defendants – no new defendants were added. *Id*. The new counts were all related to the original charge of meth conspiracy as they were charges of meth

**Memorandum Decision & Order - 4**

manufacture and possession along with a charge of use of a firearm in a drug trafficking offense. In calculating the Speedy Trial excludable time, the Circuit stated as follows:

> Although the grand jury returned a superseding indictment on April 28, 1989, this action did not re-start the Speedy Trial Act clock. When a superseding indictment contains charges which, under double-jeopardy principles, are required to be joined with the original charges, Speedy Trial Act calculations begin from the date of the original indictment (or initial appearance).

*Id*. at 827 n. 2. The Circuit has since reaffirmed this holding. *See Liu*, 631 F.3d at 998 (holding that Speedy Trial Act "calculations begin from the date of the original indictment if a subsequent indictment contains charges which, under double-jeopardy principles, are required to be joined with the original charges").

Applied to the present case, *Liu* and *Clymer* require evaluation of whether the felon-in-possession charge – that is, the new charge added by the superseding indictment – was required to be joined with the original charge under double-jeopardy principles. It appears that it was not. The felon-in-possession charge appears to be a stand-alone charge, sharing no elements with the original meth charges, not dependent on their outcome, and thus not exposing the defendant to double jeopardy even if brought as a separate claim in a separate indictment. *See US v Young*, 528 F.3d 1294, 1297 n. 2 (11th Cir. 2008) (finding that charge for possession of unregistered silencer was "entirely unrelated" to subsequent charges for meth conspiracy).

That means that the 70-day Speedy Trial clock for the felon-in-possession charge began ticking on the date defendants were arraigned on the superseding indictment, February 3, 2011. But what about the original charges that were carried over into the superseding indictment? Do they partake of this new 70-day period?

The 9th Circuit cases cited above do not deal specifically with this issue, but the gist of

**Memorandum Decision & Order - 5**

their holdings is that there is nothing magical about the filing of a superseding indictment that automatically results in a new 70-day period. Cases from other circuits that have examined this very issue have held that the original charges are not entitled to a new 70-day period simply because a superseding indictment was filed. *See, e.g., US v. Thomas*, 788 F.2d 1250, 1258 (7th Cir.1986) ("The superseding indictment does not affect the running of the time on the three charges that were in the original indictment as well as the superseding indictment."); *US v. Marshall*, 935 F.2d 1298, 1302 (D.C.Cir.1991) ("As a general rule, the filing of a superseding indictment does not affect the speedy trial timetable for offenses . . . charged in the original indictment"); *United States v. Gonzales*, 897 F.2d 1312, 1316 (5th Cir.1990) ("The filing of a superseding indictment does not affect the speedy-trial clock for offenses charged in the original indictment"); *US v Young*, 528 F.3d 1294 (11th Cir. 2008) (same); *see also United States v. Rojas-Contreras*, 474 U.S. 231, 239 (1985) (Blackmun, J., concurring) ("[I]t would make little sense to restart both the 30-day and 70-day periods whenever there is a superseding indictment.").

**Two Speedy Trial Clocks?**

This authority, applied here, means that two Speedy Trial clocks are ticking – one for the original charges that began on December 21st (and expired March 1st), and the other on the felon-in-possession charge that began on February 3rd (and has not yet expired).

This same issue was faced in *US v Young*, 528 F.3d 1294 (11th Cir. 2008). There, the defendant was originally indicted for possession of an unregistered silencer. Later, the Government filed a superseding indictment containing the original charge and new charges relating to a meth conspiracy. Several days before trial, the defendant moved to dismiss the

**Memorandum Decision & Order - 6**

silencer charge, arguing that more than 70 non-excludable days had passed from his original arraignment on that charge. The Government responded that the filing of the superseding indictment reset the Speedy Trial clock as to the silencer charge.

The Eleventh Circuit rejected the Government's argument. The court held that nothing in the Speedy Trial Act allowed the clock to restart simply on filing a superseding indictment. *Id.* at 1296. The court ordered that the silencer charge be dismissed.

Under this authority, there would be two Speedy Trial clocks in this case: One clock for the original charges contained in the Indictment (starting to run on December 21, 2010) and another clock for the single new charge contained in the Superseding Indictment (starting to run on February 3, 2011).

**Reference to § 3161(h)(6)**

Section 3161(h)(6) provides that the time between the dismissal of an indictment and any subsequent charge for the same offense, or any offense required to be joined with that offense, is excluded from the speedy-trial calculation. Thus, if the government indicts a defendant for a particular crime, dismisses that charge, and indicts the defendant once again for the same offense, the speedy-trial calculation begins with the initial indictment or arraignment but excludes the time between the dismissal and subsequent re-indictment.

Here, the Superseding Indictment was filed without dismissing the original Indictment. Filing a Superseding Indictment would appear to have essentially the same effect as dismissing an original indictment and filing a new indictment, so there is at least an argument that both events should be treated the same – the 70-day period does not restart. *Id.*

**Reference to § 3161(h)(1)(B)**

**Memorandum Decision & Order - 7**

Section 3161(h)(1)(B) allows for excludable time due to "delay resulting from trial with respect to other charges against the defendant." This provision encompasses not only "the trial itself but also the period of time utilized in making necessary preparations for trial." *U.S. v. Lopez-Osuna*, 242 F.3d 1191, 1198 (9th Cir.2001) (internal quotation marks and citation omitted). The Court has not found any case that applies this provision to restart the Speedy Trial clock on the filing of a Superseding Indictment. The provision is most often applied when a delay has been caused by a separate trial (and the preparation necessary for that separate trial). *See U.S. v. Drake*, 542, F.3d 1080 (9th Cir. 2008); *Lopez-Osuna*, 242 F.3d at 1198. Here, the record reveals no delay caused by any separate trial.

**Custody Clock Issue**

The custody clock – set by 18 USC § 3164 – requires that trial of a person detained solely because he is awaiting trial "shall commence not later than ninety days following the beginning of such continuous detention . . . ." The statute also states that all periods of excludable time under § 3161(h) are also excludable for purposes of computing the 90-day period.

The defendants' continuous detention began on November 30th. Thus, if no excludable time exists, the "custody clock" would require trial by March 2, 2011 (which is 90 days from November 30th). Whether excludable time exists brings us back to the discussion above.

The Court will require briefing on this issue as well.

**ORDER**

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that counsel shall file simultaneous briefs on or before June 17, 2011, on the following two issues raised above: (1) Has there been a

Speedy Act violation in this case?; and (2) Has there been a violation of the custody provisions of 18 U.S.C. § 3164?  The Court will examine the briefing and determine if oral argument is necessary.

DATED:  **May 18, 2011**

B. LYNN WINMILL  
Chief Judge  
United States District Court