IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL JAIMES-OLIVEROS, JUSTINO MACEDO; ALFONSO SANCHEZ-ELORZA<br><br>    Defendants. | Case No. 4:CR 10-324-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

In a prior decision, the Court raised issues under the Speedy Trial Act regarding both the trial and the detention of the defendants, and requested briefing. The final brief was received on June 21, 2011, and the matter is now at issue.

The Government concedes that the Speedy Trial Act was violated and seeks a dismissal without prejudice. The defendants seek dismissal with prejudice. For the reasons set forth below, the Court finds that the dismissal should be without prejudice.

## LITIGATION BACKGROUND

This case began with the filing of a Complaint on November 23, 2010. The three defendants – Macedo, Sanchez-Elorza, and Jaimes-Oliveros – were charged with possessing methamphetamine on November 17, 2010, with intent to distribute. They had their initial appearance on the Complaint on November 30, 2010, and began their period

**Memorandum Decision & Order - 1**

of detention on these charges on that date.

On December 14, 2010, an indictment was filed against the same three defendants charging them with conspiracy to distribute methamphetamine and four charges of possession with intent to distribute. The defendants were arraigned on the indictment on December 21, 2010, and a trial date was set for February 14, 2011.

On January 26, 2011, the Government filed a superseding indictment. It carried forward the five charges from the original indictment and added a single charge – felon-in-possession – against an existing defendant, Jaimes Oliveros. No other modifications were made by the superseding indictment. The three defendants were arraigned on the superseding indictment on February 3, 2011. At that arraignment, trial was continued to March 28, 2011. None of the parties requested the continuance and no findings of excludable time were made.

Defendant Jaimes-Oliveros filed a motion for continuance on March 16, 2011, and the Court granted that motion, continuing trial until May 23, 2011. On May 17, 2011, defendant Macedo filed a motion for continuance, and the Court granted that motion, continuing the trial to July 18, 2011.

The Court raised the Speedy Trial Act issue with counsel and requested briefing. The Court expressed concern that the filing of the superseding indictment did not warrant any extensions of the Speedy Trial Act deadlines with regard to the charges contained in the original indictment and carried through into the superseding indictment. The

defendants responded by filing motions to dismiss with prejudice on the ground that the Act was violated. The Government concedes that the Act was violated but requests dismissal without prejudice.

## ANALYSIS

If the Speedy Trial Act's 70-day requirement started to run on the date defendants were arraigned on the indictment – December 21, 2010 – the trial on the original charges had to take place by March 1, 2011. The original trial date of February 14, 2011, was within this time. But when defendants were arraigned on the superseding indictment on February 3, 2011, a new trial date was set for March 28, 2011. That date was 27 days beyond the Speedy Trial Act deadline for the charges contained in the original indictment and carried through in the superseding indictment. The new trial date was not requested by any party and was not accompanied by any findings of excludable time. Defendant Jaimes-Oliveros filed a motion to continue on March 16, 2011, so the Act was violated by the 15 days between the March 1, 2011, deadline and the March 16, 2011, motion to continue.

The Government concedes that the Speedy Trial Act deadline was March 1, 2011, and that the proper remedy is dismissal, but they seek dismissal without prejudice.[1]

---

[1] The Government seeks dismissal of the entire indictment. There is at least an argument that the firearm possession charge added by the superseding indictment did not run afoul of the 70-day requirement. However, given that the Government has conceded that the entire indictment should be dismissed, the Court will not address any distinction between the charges under the Speedy Trial Act and will limit its discussion to whether dismissal should be with or without prejudice.

**Memorandum Decision & Order - 3**

Defendants seek dismissal with prejudice.

A violation of the Speedy Trial Act requires the dismissal of the indictment upon the defendant's motion. *See* 18 U.S.C. § 3162(a)(2). Whether to dismiss with or without prejudice is left to the "guided discretion of the district court." *U.S. v. Taylor*, 487 U.S. 326, 334-35 (1988). The statute does not prefer one remedy to the other. *Id.* The Act enumerates three factors, "among others," that must be considered in deciding whether to dismiss with or without prejudice: "seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a re-prosecution on the administration of this chapter and on the administration of justice." *See* 18 U.S.C. § 3162(a)(2). The Supreme Court has held that by use of the phrase "among others," Congress intended that a fourth factor to be weighed by the Court be the prejudice to the defendant. *Taylor*, 487 U.S. at 333-34. The Ninth Circuit has recognized that "the sheer length of the period involved" can weigh toward a dismissal with prejudice. *U.S. v. Clymer,* 25 F.3d 824, 831-32 (9th Cir.1994).

The drug offenses charged here are clearly serious. *U.S. v. Medina,* 524 F.3d 974 (9th Cir. 2008). The second factor, the facts and circumstances of the case which led to the dismissal, supports dismissing the case without prejudice when the violation occurred inadvertently and over a short amount of time. *Id.* at 981. In this case, the Government made no request for a continuance, the Act was violated through inadvertence, and the violation occurred over a short period of time since the deadline was only violated by 15

days.

Defendants argue that the violation was actually more severe because the Act's 70-day requirement should have started running on the date they appeared on the complaint. Defendants recognize that the language of the Act may preclude this argument, but cite *U.S. v. Bagster*, 915 F.2d 607 (10th Cir. 1990) as some authority for the Court to consider. However, *Bagster* did not involve a claim that the Act's 70-day deadline was violated. Instead, the issue was whether the filing of a complaint triggered the Act's requirement that the defendant be indicted within 30 days from his "arrest . . . in connection with such charges." *See* 18 U.S.C. § 3161(b). *Bagster* held that the filing of a complaint did not constitute an arrest, and so the 30 day period did not begin running until the defendant was arrested on the complaint. *Bagster* is therefore inapplicable to this case.

Defendants cite no case that the Act's 70-day period begins running when a complaint is filed and the defendant arrested thereon. Indeed, they recognize the language of the Act does not support their argument. *See Defense Brief (Dkt. 65)* at p. 3 (recognizing the absence of language in the Act to support their argument and conceding that the 70-day period may not start running until the arraignment on the indictment). Under the Act, the 70-day requirement starts running on the filing, or appearance on, an "information or indictment." *See* 18 U.S.C. § 3161(c)(1). The drafters' failure to include "complaint" in that list of triggering pleadings was not inadvertent – indeed, the very same

**Memorandum Decision & Order - 5**

provision carves out a separate triggering rule for complaints. *Id*. (stating that "[i]f a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent"). And there is no danger that the Government will use complaints to skirt the 70-day requirement because as soon as a defendant is arrested on, or served with, a complaint, the Government must file an indictment or information within thirty days, *id.* at § 3161(b), and the filing of that indictment or information triggers the 70-day requirement. Thus, the Court rejects defendants' argument that the Act's 70-day requirement started running on the date they were arrested on the complaint in November of 2010.

The defendants have not pointed to any specific prejudice they suffered as a result of these delays. They have not identified any defense they must forego, or any evidence or testimony that was lost, due to the delay.

The Court is concerned, however, with the length of time defendants have spent in detention. All three have been detained on these federal charges since November 30, 2010. That fact weighs in favor of a dismissal with prejudice. While that makes this decision difficult, ultimately the seriousness of the drug conspiracy charge, and the inadvertent nature of the violation, combine to outweigh the prejudicial impact on the defendants of their time in detention. Consequently, the Court will grant the defendant's motions to dismiss in part, dismissing the superseding indictment, but doing so without prejudice.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motions to dismiss (docket nos. 59, 63 & 64) are GRANTED IN PART AND DENIED IN PART. They are

**Memorandum Decision & Order - 6**

granted to the extent they seek to dismiss the superseding indictment (docket no. 39). They are denied to the extent they seek to dismiss those counts with prejudice.

IT IS FURTHER ORDERED, that the superseding indictment (docket no. 39) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED, that the Clerk close this case.

DATED: **July 1, 2011**

B. LYNN WINMILL
Chief Judge
United States District Court